J-S67033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELVIN MCLAUGHLIN | : | |
| | : | |
| Appellant | : | No. 2422 EDA 2016 |

Appeal from the PCRA Order October 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005840-2011,
CP-51-CR-0005846-2011, CP-51-CR-0012910-2010

BEFORE: GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 22, 2017**

Appellant, Melvin McLaughlin, appeals *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of his case. Therefore, we have no need to restate them. We add the court sentenced Appellant at Docket No. 12910-2010 to seventeen and one-half (17½) to thirty-five (35) years' incarceration for attempted murder and concurrent terms of two and one-half (2½) to five (5) years' incarceration for possession of a firearm

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*   Former Justice specially assigned to the Superior Court.

prohibited and two and one-half (2½) to five (5) years' incarceration for carrying a firearm in public in Philadelphia. At Docket No. 5840-2011, the court sentenced Appellant to five (5) to ten (10) years' imprisonment for receiving stolen property concurrent to the attempted murder sentence. At Docket No. 5846-2011, the court sentenced Appellant to two and one-half (2½) to ten (10) years' incarceration for prohibited possession of a firearm consecutive to the attempted murder sentence. On the remaining charges at Docket No. 5846-2011, the court sentenced Appellant to three and one-half (3½) to seven (7) years' imprisonment for firearms not to be carried without a license and two and one-half (2½) to five (5) years' imprisonment for carrying firearms in public in Philadelphia concurrent to the attempted murder sentence. The court sentenced Appellant to an aggregate term of twenty (20) to forty-five (45) years' incarceration.

The PCRA court dismissed Appellant's PCRA petition on October 26, 2015.[2] Appellant filed on November 20, 2015, a *pro se* application to: (i) appeal the dismissal of his PCRA petition; (ii) proceed *in forma pauperis*; and (iii) have appellate counsel appointed. On May 12, 2016, the PCRA court granted Appellant's petition and permitted him to file a notice of appeal

_____

[2] The record does not contain an order issuing appropriate notice per Pa.R.Crim.P. 907 prior to the court's dismissal of Appellant's PCRA petition. Appellant has not raised this issue on appeal, so he waived any defect in notice. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to challenge lack of Rule 907 notice results in waiver of claim).

within 30 days of court-appointed counsel's entry of appearance. Counsel entered his appearance on June 29, 2016, and Appellant timely filed a notice of appeal *nunc pro tunc* on July 26, 2016.

Appellant raises one issue for our review:

> DID THE PCRA COURT ERR WHEN IT DISMISSED APPELLANT['S] POST CONVICTION RELIEF ACT PETITION AND DENIED HIM RELIEF REQUESTED IN THE FORM OF PERMISSION TO WITHDRAW HIS GUILTY PLEA, OR, IN THE ALTERNATIVE, AN EVIDENTIARY HEARING?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Hardcastle*, 549 Pa. 450,

454, 701 A.2d 541, 542-43 (1997).

Appellant argues plea counsel's ineffective assistance induced Appellant to enter an unknowing, unintelligent, and involuntary guilty plea. Appellant submits he entered his guilty plea based on plea counsel's belief the court would impose a maximum aggregate sentence of thirteen (13) years' imprisonment if Appellant pled guilty. Appellant avers the PCRA court erred when it failed to hold an evidentiary hearing. Appellant concludes this Court should permit Appellant to withdraw his guilty plea or, alternatively, remand for the PCRA court to conduct an evidentiary hearing. We disagree.

The law presumes counsel has rendered effective assistance. **Commonwealth v. Gonzalez**, 858 A.2d 1219 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: "(1) the underlying claim is of arguable merit; (2) …counsel had no reasonable strategic basis for his…action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different."

*Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.* "If a petitioner fails to plead or meet any elements of the [ineffectiveness] test, his claim must fail." *Commonwealth v. Burkett*, 5 A.3d 1260, 1272 (Pa.Super. 2010). *See also Commonwealth v. Chmiel*, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Moser, supra*. Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa.Super. 2003). *See also Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal*

- 5 -

*denied*, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. **Commonwealth v. Hodges**, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must confirm a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. **Commonwealth v. Watson**, 835 A.2d 786 (Pa.Super. 2003).

A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Fluharty**, 632 A.2d 312, 314-15 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. **Pollard, supra** at 523. A defendant who pleads guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for

withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Ellen Ceisler, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (*See* PCRA Court Opinion, filed October 27, 2016, at 4-11) (finding: in his Rule 1925(b) statement, Appellant baldly asserted PCRA court error without reasons why PCRA court erred; therefore, Appellant waived his issue for appellate review; moreover, even if Appellant had properly preserved his issue, it would not merit relief; at trial, Appellant expressed desire to plead guilty after Victim took stand and identified Appellant as shooter; court conducted adequate guilty plea colloquy on record; during colloquy, court informed Appellant of gravity of decision to plead guilty and nature of his open plea, and Appellant did not hesitate; Appellant confirmed he understood consequences of choice to plead guilty; Appellant signed three separate written guilty plea colloquies, which expressly indicated plea was open; Appellant expressed no shock when court explained to Appellant his potential sentence; Appellant affirmed he understood his limited avenues of appeal from judgment of sentence after pleading guilty; court determined Appellant knew there was no plea bargain presented and made knowing, intelligent, and voluntary decision to plead guilty; court properly dismissed

Appellant's PCRA petition without hearing). We accept the PCRA court's rationale.

Further, Appellant's claim amounts to an attempt to withdraw his guilty plea because he is dissatisfied with his sentence. Appellant's disappointment does not warrant relief. **See Pollard, supra**. If the court had exercised its discretion to impose each sentence consecutively, Appellant's aggregate sentence would have been thirty-six (36) to seventy-seven (77) years' incarceration. **See Commonwealth v. Lloyd**, 878 A.2d 867, 873 (Pa.Super. 2005), *appeal denied*, 585 Pa. 687, 887 A.2d 1240 (2005) (stating: "The imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court"). Instead, the court imposed concurrent sentences to give Appellant an aggregate sentence of twenty (20) to forty-five (45) years' incarceration. For the foregoing reasons, the record demonstrates Appellant's ineffectiveness claim lacks arguable merit, and Appellant is not entitled to relief. **See Burkett, supra**; **Turetsky, supra**. Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *11/22/2017*

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | SUPERIOR COURT |
|  | : | 2422 EDA 2016 |
| v. | : |  |
|  | : | COURT OF COMMON PLEAS |
|  | : | CP-51-CR-0012910-2010 |
| MELVIN MCLAUGHLIN | : | CP-51-CR-0005840-2011 |
|  | : | CP-51-CR-0005846-2011 |

CP-51-CR-0012910-2010 Comm. v. McLaughlin, Melvin
Opinion

7517956091

**OPINION**

FILED

OCT 27 2016

Criminal Appeals Unit
First Judicial District of PA

**ELLEN CEISLER, J.**                        **DATE: October 28, 2016**

## I.    FACTS AND PROCEDURAL HISTORY

The instant appeal, filed by Petitioner-Appellant Melvin McLaughlin ("Appellant") on July 26, 2016, stems from This Court's October 26, 2015 Order granting the Commonwealth of Pennsylvania's ("Commonwealth") Motion to Dismiss Appellant's Amended Petition for Post-Conviction Relief ("Amended Petition") without an evidentiary hearing. As will be discussed in detail *supra*, the sole argument raised on appeal by Appellant is without merit and, accordingly, This Court respectfully requests that his PCRA appeal be denied.

The relevant facts in this matter are as follows:

On January 20, 2010, at approximately 1:15 PM, near the intersection of N. 67th Street and Landsdowne Avenue in Philadelphia, Appellant shot the victim Rasheed Teel point blank 28 times and left him lying on the street critically wounded and bleeding to death. This vicious unprovoked shooting occurred in broad daylight, on a residential street, in close proximity to an elementary school where children were playing outside. The motive for this shooting? The Appellant was not satisfied with the cough syrup that the victim had sold Appellant earlier in the day.

Due to the heroic efforts and skills of the medical team at the Hospital of the University of Pennsylvania, the victim miraculously survived and was able to identify the Appellant as the shooter. The Appellant was arrested for the shooting on May 8, 2010, and eventually posted bail on February 17, 2011. On April 8, 2011, just seven weeks after being released

1

from custody, police officers from the Fugitive Unit of Philadelphia Southwest Detectives saw Appellant near N. 50th and Diamond Streets in Philadelphia. The officers knew that Appellant was wanted on a warrant for absconding from probation. When they attempted to apprehend the Appellant, they observed him remove a handgun from his waist area and then flee. The officers apprehended the Appellant and recovered the gun, which was a loaded nine millimeter handgun. The handgun's serial number matched a gun that had been reported stolen during a burglary on June 10, 2010. N.T. 8/8/11 at 13-14. This incident was the factual basis for the two additional guilty pleas entered into by the Appellant at his sentencing.

Despite the fact that Mr. Teel initially cooperated with the police in their investigation of the shooting and identified the Appellant as the shooter, Mr. Teel "went south" at the subsequent preliminary hearing and recanted his earlier identification of the Appellant. It appeared that Mr. Teel was no longer going to cooperate with the prosecution of this case...

The Commonwealth believed that the victim was going to recant from his earlier statement in which he identified the Appellant as the shooter. However, in front of the jury [on April 20, 2011], the victim in fact testified unequivocally that Appellant was the person who shot him. The reasons for the victim's change of heart became evident at trial and in the victim impact statement that was offered at the sentencing hearing. Mr. Teel was tired of the violence in his community (his son had been shot in the head in an unrelated incident) and he felt it was his moral obligation to tell the truth. Id. at 22-23. It was only after Mr. Teel testified at trial that Appellant decided to terminate the jury, plead guilty, and to consolidate his open cases.

Trial Court Opinion, 12/19/11 at 3-5.

On August 8, 2011, the trial court sentenced Appellant to 17½ to 35 years of imprisonment at Docket No.12910-2010, on the charge of Attempted Murder, and a consecutive 2½ to 10 years on the charge of Prohibited Possession of a Firearm at Docket No. 5846-2011. The sentences on all of the remaining charges were ordered to run concurrently, with the exception of conspiracy and possession of an instrument of crime, which received no further penalty. Trial Court Opinion, 12/19/11, at 1-2. Thus, Appellant received an aggregate sentence of 20 to 45 years of imprisonment. Appellant filed a post-sentence motion on August 17, 2011, which the trial court denied on September 21, 2011.

Superior Court Opinion, 8/17/12 at 3.

On September 1, 2011, Appellant filed an appeal with the Superior Court.[1] Following this Court's instructions, Appellant then submitted a Statement of Errors, in which he raised the following issues:

1.  Was the trial court's sentence excessive?

---

[1] Appellant's appeal was procedurally improper, as This Court had not ruled upon his post-sentence motion at the time the appeal was filed; however, this Court ignored that issue and subsequently filed an opinion addressing the substance of said appeal. *See* Trial Court Opinion, 12/19/11 at 2-3.

2

2. Did the trial court abuse it's [sic] discretion when during plea negotiations that took place in the middle of trial, the trial court made promises through prior counsel that the court would, if defendant entered into an open plea and consolidated his other open cases via Pennsylvania Rule of Criminal Procedure 701, sentence defendant to not more than 13 years on CP 51 CR 0012910-2010 and concurrent sentences on each of his other two matters, and trial court (sic) did not sentence defendant according to those promises, but instead sentenced defendant to 17 1/2 to 35 years incarceration plus a consecutive 2 1/2 to 5 incarceration on the additional cases?

Direct Appeal Statement of Errors at 1. At some point thereafter, Appellant dropped the latter issue and chose to seek appellate relief only on the basis of the former. *See* Superior Court Opinion, 8/17/12 at 4. The Superior Court ultimately affirmed This Court on August 17, 2012, finding This Court had not committed an abuse of discretion when sentencing Appellant. Id. at 5-9. Appellant chose not to contest the Superior Court's ruling, thereby ending the direct appeal phase of this matter.

Appellant then filed a *pro se* Post-Conviction Relief Act ("PCRA") Petition on March 15, 2013. Therein, Appellant again claimed he had been offered, and accepted, a plea deal covering each of his outstanding criminal matters that called for him to receive an aggregate prison term of no more than 13 years, but had nevertheless been given a much longer sentence. PCRA Petition at 3. Appellant alleged that Scott DiClaudio, Esq., who had represented Appellant during both the sentencing and direct appeal phases of his case, had not provided him with effective legal assistance, due to DiClaudio's putative failure to object to this allegedly unlawful punishment at the sentencing hearing, or properly preserve the issue for appellate review. Id. at 1, 3. Appellant subsequently hired Daniel Cevallos, Esq. as PCRA counsel, and submitted his Amended Petition on October 2, 2014, expanding on the arguments he had made in his initial *pro se* PCRA Petition regarding attorney DiClaudio, and making new claims about the allegedly deficient representation he had received from Robert Trimble, Esq., who had been Appellant's lawyer during the trial itself. Amended Petition at 1-10.[2] The Commonwealth responded on March 17, 2015 by docketing a Motion to Dismiss and, after reviewing both Appellant's and the Commonwealth's submissions, this Court granted the Commonwealth's Motion on October 26, 2015, thereby dismissing

---

[2] Appellant supplemented his Amended Petition with affidavits from two third parties, who claimed to have been present during the trial and allegedly heard Trimble tell Appellant that he would be sentenced to no more than 12 years in prison if he agreed to plead guilty. *See* Amended Petition, Ex. D (Frank Thomas affidavit); Certification of Witness Justin White in Support of Appellant's PCRA Petition at 1.

3

Appellant's Amended Petition without holding an evidentiary hearing. Ceisler Order, 10/26/15 at 1.

On November 20, 2015, Appellant filed another PCRA Petition, in which he stated he wished to appeal the dismissal of his Amended Petition, but was now "indigent" and could no longer afford to retain Cevallos. PCRA Petition, 11/20/15 at 7. As a result, Appellant requested he be allowed to proceed *in forma pauperis* and be given court-appointed counsel "to represent his interest to the Superior Court." Id. Construing this filing as a mislabeled Petition to Proceed *In Forma Pauperis* and for Appointment of Counsel, This Court granted said Petition on May 12, 2016, ordered that he be provided with court-appointed counsel, and gave him 30 days from the date of counsel's appointment to file an appeal. Ceisler Order, 5/12/16 at 1. David Barrish, Esq. then entered his appearance on behalf of Appellant on June 29, 2016, and appealed this Court's dismissal of his client's Amended Petition on July, 26, 2016.

In response, this Court issued an order on July 29, 2016, pursuant to Pa. R.A.P. 1925(b), directing Appellant "to file of record with the Court of Common Pleas and serve on the trial judge, as well as all parties in interest... a concise statement of errors complained of on appeal no later than twenty-one (21) days after entry of this Order." Ceisler Order, 7/29/16 at 1. On August 17, 2016, Appellant petitioned This Court for additional time to prepare and submit his PCRA Statement of Errors, whereupon This Court extended the filing deadline until September 6, 2016. *See* Petition to Extend Time to File Concise Statement of Errors Complained of on Appeal at 1; Ceisler Order, 8/18/16 at 1. Appellant docketed his PCRA Statement of Errors on September 6, 2016, claiming therein that this Court had "erred when it dismissed Appellant['s]... [Amended] Petition and denied him relief requested in the form of permission to withdraw his guilty plea, or, in the alternative, an evidentiary hearing." PCRA Statement of Errors at 1.

## II. DISCUSSION

This Court respectfully requests that the instant appeal be denied for the following reasons:

1. Appellant has waived his ability to challenge this Court's dismissal of his Amended Petition, due to the Appellant's manifestly vague PCRA Statement of Errors;

4

2. Appellant failed to raise any claims in his Amended Petition establishing a genuine issue of fact as to whether Appellant's decision to plead guilty was knowing, intelligent, and voluntary.

Preliminarily, this Court asserts that Appellant's Statement of Error is manifestly deficient and Appellant has thus waived this issue on his PCRA appeal. As explained by the Superior Court:

> Pa. R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal... and is thus a crucial component of the appellate process. Thus when the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review... [for w]hen an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a [Statement of Errors] which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Statement of Errors] at all.

Com. v. Lemon, 804 A.2d 34, 37 (Pa. Super. Ct. 2002) (citations and punctuation omitted); *see* Pa. R.A.P 1925(b)(4)(ii) ("The Statement [of Errors] shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the [trial] judge."). Here, Appellant has bluntly stated, without any explanation, reasoning, or references to the record, that this Court "erred when it dismissed [his]... [Amended] Petition and denied him relief requested in the form of permission to withdraw his guilty plea, or, in the alternative, an evidentiary hearing." PCRA Statement of Errors at 1. This conclusory declaration offers no meaningful guidance as to *why* Appellant believes this Court erred. It is nothing more than a generalized and imprecise attack upon this Court's ruling and reasoning. Accordingly, Appellant has waived his ability to contest this Court's sentencing decision via the instant appeal. *See* Com. v. Dowling, 778 A.2d 683, 686-87 (Pa. Super. Ct. 2001) ("[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all."); id. at 686 (*quoting* Com. v. Butler, 756 A.2d 55, 57 (Pa. Super. Ct. 2000) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.").

Assuming *arguendo* that Appellant did not commit such a waiver, it remains that his claims that his ineffective assistance of counsel claim is utterly without merit. To obtain relief under the PCRA on the basis of ineffective assistance, the petitioner must prove that his conviction or

5

sentence resulted from his counsel's lack of proper conduct which, under the circumstances of the particular case, "so undermined the truth-determining process that no reliable adjudication or innocence could have taken place." 42 Pa. C.S. § 9543(a)(2)(ii). The PCRA court reviews such a claim with the presumption that counsel's performance was constitutionally adequate, and it is the petitioner's burden to demonstrate otherwise. Com. v. Johnson, 966 A.2d 523, 533-36 (Pa. 2009). Specifically, the petitioner must establish that: "(1) the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) **actual** prejudice befell the petitioner from counsel's act or omission." Id. at 533 (emphasis added and citations omitted). Further, if it is clear that Appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone without the court addressing the first and second prongs. Com. v. Travaglia, 661 A.2d 352, 366 (Pa. 1995) (citing Strickland v. Washington, 466 U.S. 668, 670 (1984)). "Moreover, claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." Com. v. Yager, 685 A.2d 1000, 1004 (Pa. Super. Ct. 1996) (*citing* Com. v. Chumley, 394 A.2d 497 (Pa. 1978)).

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes *the* significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

Com. v. Flood, 627 A.2d 1193, 1199 (Pa. Super. Ct. 1993) (citations and punctuation omitted, emphasis in original). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made.'" Yager, 685 at 1004 (*citing and quoting* Com. v. Myers, 642 A.2d 1103, 1105 (Pa. Super. Ct. 1994)) (punctuation omitted).

It is well-settled that a PCRA court may dismiss a PCRA petition without a hearing where "there are no genuine issues concerning any material fact and the defendant is not entitled to post-conviction relief, and no purpose would be served by an further proceedings." Pa. R. Crim. P. 907(1). Thus, a PCRA petitioner is not *automatically* granted an evidentiary hearing and, where a petition is "insufficient to state a claim for post-conviction relief," a court may refuse to grant a

6

hearing. Com. v. Clark, 961 A.2d 80, 91 (Pa. 2008). Thus, if a petitioner fails to establish that there is a genuine issue of material fact regarding whether he received competent, effective legal assistance, his petition should be dismissed without a hearing as a matter of course.

As already noted, Appellant expressed his desire to plead guilty after Mr. Teel took the stand and identified Appellant as the person who had shot him 28 times, due to Appellant's displeasure with the quality of the cough syrup he had purchased from Mr. Teel. This led to a lengthy colloquy on April 20, 2011 involving this Court, Appellant's trial counsel Mr. Trimble, Assistant District Attorney Lorraine Donnelly, Esq., and Appellant:

> THIS COURT: Mr. McLaughlin, as you know we are in the middle of a jury trial. I **understand now that you have decided you don't wish to proceed with this jury trial but, in fact, you would rather just plead guilty to the charges attempted murder as a felony of the first degree, aggravated assault as a felony of the first degree, conspiracy as a felony of the first degree, possession of a prohibited firearm as a misdemeanor of the first degree, carrying a firearm without a license as a misdemeanor of the first degree and possession of an instrument of crime as a felony of the first degree. Every F-1 case carries with it a maximum jail sentence of 20 years and maximum fine of $35,000. Every F-1 charge, I mean. In this case the aggravated assault would merge with the attempted murder but you would still face a maximum of 40 years for the attempted murder and conspiracy. On the gun charges, all the misdemeanors carry with them a maximum jail sentence of five years and a maximum fine of $10,000. So these three crimes could result in a maximum jail sentence of 15 years and a maximum fine of $30,000. This is an open plea. That means that the Commonwealth is not making any recommendation at this point. There's no sentence on the table.** And I am not going to sentence today. What I would do is I will order a presentence investigation and I would learn more about you and we would come back for sentencing. **But I do want you to know that somebody always gets a benefit for pleading. Nobody gets punished for exercising their Constitutional right but you get a benefit for a guilty plea but I don't know what I'm going to sentence you to yet. I also understand that you have an open gun case. Your attorney wants to bring that in and you plead guilty to that on the date of sentencing as well and I would give you a very generous benefit for a plea on that. Most likely whatever would happen with that would be a concurrent sentence or something like that. Do you understand?**
>
> MR. TRIMBLE: **Do you understand what concurrent means?**
>
> THIS COURT: **It means it will run at the same time so — but the fact is I'm not making any promises to what the sentence will be. I need to know more about you. So it is an open plea. Is that your understanding of the plea negotiations at this point?**
>
> APPELLANT: **Yes.**
>
> THIS COURT: **Mr. McLaughlin, how old are you?**
>
> APPELLANT: **Twenty.**

7

THIS COURT: **And how far did you complete school?**

APPELLANT: **High school diploma.**

THIS COURT: **So you obviously read, write, and understand the English language?**

APPELLANT: **Yes.**

THIS COURT: **Are you currently under the influence of any drugs or alcohol?**

APPELLANT: **No.**

THIS COURT: **Are you taking any prescription medications?**

APPELLANT: **No.**

THIS COURT: **Are you being treated for any mental or emotional problems?**

APPELLANT: **No.**

THIS COURT: **So do you understand what's going on in this courtroom today?**

APPELLANT: **Yes.**

THIS COURT: **And have you made this decision to plead guilty after discussing this matter with your attorney and a family member?**

APPELLANT: **Yes.**

THIS COURT: **Okay. As you know, sir, you did have an absolute right to complete this trial and the Commonwealth did have the burden of proof. They have to prove you're guilty of these charges beyond a reasonable doubt. You heard me tell the jury that. Do you understand that?**

APPELLANT: **Yes.**

THIS COURT: **So you are now giving up your right to see, hear or challenge any of the additional evidence or witnesses that would have been presented. Do you understand that?**

APPELLANT: **Yes.**

THIS COURT: Okay. So you understood what your jury trial rights are because we're going through the pretrial rights. After you plead guilty and after you are sentenced, you have very limited appeal rights. You're only going to be able to appeal this conviction or this sentence under one of three circumstances. The first would be if you could prove that you didn't know what you were doing here today or that you were forced or threatened to plead guilty against your will. **Now I'm looking at you. I'm talking to you. You seem fully competent of what's going on and aware of your surroundings. The question that I have for you is: This decision to plead guilty, sir, is it a decision you are making of your own freewill after discussing this with your attorney and your family?**

APPELLANT: **Yes.**

THIS COURT: There's two other ways you could appeal this decision. The other way would be by proving that I didn't have the jurisdiction or authority to handle this case. I can assure you I do. The third way would be if I imposed an illegal or an improper sentence.

I can promise you I will not do that. You will also get the benefit of the plea. Do you understand that?

APPELLANT: Yes.

THIS COURT: Now, I understand that you're on probation with Judge Pew. This plea will result in the direct violation of her probation but in light of the situation I think whatever I do she's just going to kind of go along with. Okay. Do you understand that?

APPELLANT: Yes...

MS. DONNELLY: **Your Honor, I think given our posture I think I need to ask a couple more questions on the colloquy.**

THIS COURT: Sure. Go ahead.

MS. DONNELLY: Mr. McLaughlin, you understand that obviously we're in the middle of a jury trial, right?

APPELLANT: Yes.

MS. DONNELLY: And you understand that the jury is sitting in the back and we're ready to proceed with this jury trial?

APPELLANT: Yes.

MS. DONNELLY: You sat here with your attorney during jury selection and you saw that he cross-examined the two witnesses that the Commonwealth called so far, right?

APPELLANT: Yes.

MS. DONNELLY: **If you plead guilty today, you understand that this jury is going to be dismissed because of that? Do you understand that?**

APPELLANT: **Yes.**

MS. DONNELLY: **You understand you will not be able to then come back and attempt to withdraw your guilty plea? Today is your chance if you would like a jury trial or you can plead guilty because you are guilty? Do you understand that?**

APPELLANT: **Yes.**

MS. DONNELLY: **Given all of that, is it still your desire to plead guilty today rather than finish the jury trial?**

APPELLANT: **Plead guilty.**

MS. DONNELLY: **Okay. Are you pleading guilty because you are guilty?**

APPELLANT: **Yes.**

MS. DONNELLY: **And no one has made you any promises about the number or what kind of sentence you're going to get. You understand it's an open guilty plea?**

APPELLANT: **Yes.**

MS. DONNELLY: Thank you, Your Honor.

THIS COURT: **All right. You're not going to be able to withdraw your plea. Do you understand that?**

APPELLANT: **Yes.**

THIS COURT: Okay. All right. Then if you wouldn't mind unless you have additional questions?

MS. DONNELLY: No more additional questions. **As for the recitation of the facts, I would move to incorporate the jury trial testimony. I think that the facts laid out already have made out [Appellant's] guilt.**

THIS COURT: Okay. All right.

MR. TRIMBLE: I'm in agreement with that, Your Honor.

THIS COURT: **All right. Are these the facts you're pleading guilty to then, sir?**

APPELLANT: **Yes.**

COURT CRIER: Please stand, Mr. McLaughlin.

MR. TRIMBLE: **Your Honor, if I may, there was just one — have you had enough time to speak to me, Mr. McLaughlin? You have to say it out loud.**

APPELLANT: **Yes.**

MR. TRIMBLE: **Okay. Are you satisfied with my representation?**

APPELLANT: **Yes.**

MR. TRIMBLE: **Okay. Are you sure you've had enough time? You're good with this?**

APPELLANT: **Yes.**

COURT CRIER: **Mr. Melvin McLaughlin, to this Common Pleas Document No. 12910-2010, charging Count 1, attempted murder, how do you plead, guilty or not guilty?**

APPELLANT: **Guilty.**

COURT CRIER: **Charging Count 2, aggravated assault, how do you plead, guilty or not guilty?**

APPELLANT: **Guilty.**

COURT CRIER: **Charging Count 3, criminal conspiracy, how do you plead, guilty or not guilty?**

APPELLANT: **Guilty.**

COURT CRIER: **Charging Count 5, possession of a firearm prohibited, how do you plead, guilty or not guilty?**

APPELLANT: **Guilty.**

COURT CRIER: **Charging Count 6, carrying a firearm in public in Philadelphia, how do you plead, guilty or not guilty?**

APPELLANT: **Guilty.**

10

COURT CRIER: And Count 7, possession of an instrument of crime, how do you plead, guilty or not guilty?

APPELLANT: Guilty.

COURT CRIER: Your Honor... [Appellant], has pled guilty to Count 1, criminal attempt murder; Count 2, aggravated assault; Count 3, criminal conspiracy; Count 5, carrying firearm prohibited; Count 6, carrying firearms in public; and Count 7, PIC and is now signing the docket sheet.

THIS COURT: Now that we've been through the colloquy, let's have [Appellant], let's have [Trimble] and let's have [Donnelly] sign the form. Mr. McLaughlin, I'm satisfied that your decision to plead guilty has been a knowing, intentional and voluntary decision. I accept your plea. Okay.

APPELLANT: Yes. Thank you.

N.T. 4/20/11 at 101-11 (emphasis added). In short, when the Appellant decided to plead guilty, Appellant was repeatedly cautioned about his decision's import, as well as about the fact he was giving an open plea. Appellant still decided to move forward with pleading guilty, expressed no hesitation whatsoever and repeatedly confirmed that he understood the consequences of his choice. Thereafter, Appellant reiterated his desire to enter an open guilty plea at his sentencing hearing and, in addition, signed three separate written guilty plea colloquies on which the phrase "[t]here is no plea bargain or agreement of any kind" was circled, or it was expressly stated that the plea was an "open" one." *See* N.T. 8/8/11 at 3-16; Commonwealth's Motion to Dismiss, Exs. A-C (Appellant's three written guilty plea colloquies). Finally, Appellant expressed no contemporaneous shock or surprise when this Court told him he was being given an aggregate term of between 20 and 40 years in prison, and merely affirmed he understood he had pled guilty, been sentenced, and now had certain, limited avenues through which he could challenge that sentence. *See* N.T. 8/8/11 at 49-51. In light of this overwhelming evidence, this Court determined there was no doubt Appellant knew there was no plea bargain on the table, but still made a knowing, intelligent, and voluntary decision to admit that he had shot Mr. Teel, and to consequently enter into a non-negotiated guilty plea. Accordingly, this Court appropriately exercised its discretion by granting the Commonwealth's Motion to Dismiss, and disposing of Appellant's Amended Petition without convening an evidentiary hearing.

11

## III.   CONCLUSION

For the reasons stated above, this Court respectfully requests that the instant PCRA appeal be denied.

BY THE COURT:

J.

12